HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAFECO INSURANCE COMPANY
OF ILLINOIS,

        Plaintiff,

        v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

        Defendant.

CASE NO. C12-1158 RAJ

ORDER

    This matter comes before the court on motions for summary judgment by plaintiff Safeco Insurance Company of Illinois ("Safeco") and defendant American Family Mutual Insurance Company ("American"). Dkt. # 10, # 12. Neither party requested oral argument, and the court finds that this matter may be decided on the papers. Safeco argues that both insurers' policies contain clauses that would make each policy excess to the other, which would require each insurer to provide liability coverage on a pro rata basis. American argues that its policy does not provide coverage at the same level as Safeco because its primary grant of coverage excludes coverage for the subject accident, and therefore American's policy is excess over Safeco's policy.

ORDER- 1

The material facts are not in dispute.  On August 30, 2010, Linda Shawcross, an employee of Bedknobs & Broomsticks Cleaning Company (B&B), was driving her personal vehicle while in the course and scope of her employment and was involved in an accident.  Ms. Shawcross had personal auto insurance with Safeco, and B&B had commercial insurance with American.  Ms. Shawcross submitted several bodily injury claims to Safeco.  Safeco requested that American provide coverage for the claims on a pro rata basis, subject to applicable policy limits, and American declined based on its interpretation of the policy language.  The court must interpret the relevant provisions of the insurance policies to resolve this dispute.

**A.  Interpretation of Insurance policy**

In Washington, insurance policy interpretation is a legal question.  *Overton v. Consol. Ins. Co.*, 145 Wash. 2d 417, 424, 38 P.3d 322, 325 (2002).  A court considers an insurance policy as a whole, and gives it a "fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Quadrant Corp. v. Am. States Ins. Co.*, 154 Wash. 2d 165, 171, 110 P.3d 733, 737 (2005) (internal quotations omitted).  If the policy language is clear and unambiguous, it must be enforced as written. *Id.*  "Endorsements must be read together with the policy to determine the intent of the parties.  An endorsement becomes a part of the insurance contract even if the result is a new and different contract.  As endorsements are later in time, they generally control over inconsistent terms or conditions in a policy." *Transcon. Ins. Co. v. Wash. Pub. Util. Districts' Util. Sys.*, 111 Wash. 2d 452, 462, 760 P.2d 337 (1988) (en banc).  "An endorsement attached to a policy, which expressly provides that it is subject to the terms limitations and conditions of the policy, must be read with the policy and will not abrogate or nullify any provision of the policy unless it is so stated in the endorsement." *Id.*  "However, if there is ambiguity arising because of the difference of language used in the endorsement and body of the policy, or between two endorsements, the language of the contract is construed most strongly against the [drafter]." *Id.*

Under American's policy, it agreed to provide bodily injury and property damage liability: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Dkt. 10-1, Ex. 4 at B&B 0023 (Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability § I.A.1.a.). The exclusions of Paragraph 2 specifically provided that the insurance does not apply to, *inter alia*:

> g. **Aircraft, Auto or Watercraft**
> 'Bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured. . . .

*Id.* at B&B 0025 (§ I.A.2.g.). However, by endorsement, American expressly modified its commercial general liability coverage to include "Hired Auto Liability" and "Non-Owned Auto Liability. The endorsement provides in relevant part:

> B. **Non-Owned Auto Liability**
> The insurance provided under Coverage **A**- Bodily Injury And Property Damage liability (Section I – Coverages) applies to "bodily injury" or "property damage" arising out of the use of "non-owned auto" by any person in the course of your business.
>
> C. **Changes in Exclusions**
> With respect to the insurance provided by this endorsement:
> 1. Subparagraphs **b.**, **c.**, **e.**, **g.**, **h.**, **j.**, **k.**, **l.**, **m.** and **n.** of Paragraph **2.**, **Exclusions of Coverage A – Bodily Injury And Property Damage Liability** (Section I – Coverages) do not apply

*Id.* at B&B 0041 (§ C.1. & 2.) (emphasis in original). Reading the endorsement together with the policy, the court finds that there is no ambiguity or inconsistency. American modified its general liability coverage to include non-owned autos, and explicitly stated that subsection (g) was inapplicable to the non-owned auto liability.[1]

---

[1] American's argument that the endorsement only provides a "second layer of coverage" is not supported by legal authority, the terms of the insurance policy, or common sense. If American had intended the endorsement to provide a "second layer of coverage," rather than a modification of the general liability coverage, it should have so stated. The court will not read terms that do not exist into an insurance policy.

ORDER- 3

**B. "Other Insurance" clauses**

Where two policies provide coverage for a particular event and both policies contain "excess insurance" clauses, Washington courts generally hold that such clauses are mutually repugnant and must be disregarded. *Pac. Indem. Co. v. Federated Am. Ins. Co.*, 76 Wash. 2d 249, 251, 456 P.2d 331 (1969) (overruled on other grounds); *Safeco Ins. Co. of Ill. v. Country Mut. Ins. Co.*, 165 Wash. App. 1, 4, 267 P.3d 540 (2011). This renders each company liable for a pro rata share of the judgment because if literal effect were given to both "excess insurance clauses," neither policy would cover the loss and such a result would produce an unintended absurdity. *Pac. Indem.*, 76 Wash. 2d at 251-52. This proposition only applies to policies containing similar provisions at the same coverage level. *Safeco Ins.*, 165 Wash. App. at 4.

Here, American provided general liability coverage for non-owned auto liability through an endorsement that modified its grant of coverage, and Safeco provided general liability coverage on the insured's personal policy. Accordingly, the court finds that both policies provide coverage at the same coverage level.

By the same endorsement that provides commercial general liability for non-owned auto liability, American replaced paragraph 4 of Section IV (Commercial General Liability Conditions) with the following: "This insurance is excess over any primary insurance covering the 'hired auto' or non-owned auto.'" *Id.* at B&B 0042 (§ F.).

The Safeco policy also includes an "excess policy" provision: "If there is other applicable liability insurance available any insurance we provide shall be excess over any other applicable liability insurance. If more than one policy applies on an excess basis, we will bear our proportionate share with other collectively liability insurance." Dkt. # 10-1, Ex. 5 at SHAWCROSS 0113 ("Other Insurance"). These two "excess policy"

provisions are mutually repugnant, rendering each company liable for a pro rata share of the judgment.[2]

For all the foregoing reasons, the court GRANTS Safeco's motion for summary judgment, and DENIES American's motion for summary judgment. The Clerk is DIRECTED to enter judgment in favor of Safeco and against American.

Dated this 13th day of February, 2013.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

---

[2] The Safeco "other insurance" clause is not a "pro-rata clause," as American argues. Rather, it is an "excess coverage clause" that also provides that if more than one policy is on an excess basis, Safeco will bear its proportional share with other collective liability insurance. This second sentence is simply a statement of what Washington law requires, and the "pro rata" nature of the clause is contingent on a finding of two or more excess coverage clauses.

ORDER- 5